**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CLAUDIO EFRAIN AYAVACA SANCHEZ,** **Petitioner,** | § § § | |
| | § | **EP-26-CV-00182-DB** |
| **v.** | § | |
| | § | |
| **PAMELA BONDI**, *Attorney General, et al.*, **Respondents.** | § § § | |

**ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES**

On this day, the Court considered the "Petition for Writ of Habeas Corpus," ECF No. 1, filed on January 27, 2026, by Christian Javier Ayavaca Sanchez on behalf of his brother, Claudio Efrain Ayavaca Sanchez. Petitioner is currently detained by United States Immigration and Customs Enforcement at ERO El Paso Camp Montana East in the Western District of Texas. *Id.* at 3. Petitioner argues his detention is unlawful and asks the Court to order his immediate release or an individualized bond hearing. *Id.* at 14.

A. "Next Friend" Filing

Christian Javier Ayavaca Sanchez filed this Petition as "next friend" of his brother. An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability why the real party in interest

cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017) (quoting *Whitmore*, 495 U.S. at 163–64). Here, Christian Javier Ayavaca Sanchez explains that Petitioner cannot file this Petition on his own. He avers Petitioner is "unable to prepare, sign, or file this petition" because he is being detained without access to legal materials or translation services. *Id.* at 5. Additionally, Petitioner "does not speak English and has a limited literacy level," making legal action impossible absent "next friend" intervention. *Id.* He attests he, as Petitioner's brother, has a significant relationship with Petitioner, and is acting solely in Petitioner's best interest. *Id.* After due consideration, the Court finds Christian Javier Ayavaca Sanchez has satisfied both prerequisites to proceed as "next friend" on behalf of Petitioner in this matter.

B. Show Cause Order

Petitioner is an Ecuadorian national that has resided continuously in the United States since 2001. *Id.* On January 22, 2026, ICE arrested Petitioner as he was leaving a laundromat in Minneapolis, Minnesota. *Id.* He is being detained under 8 U.S.C. § 1225(b). *Id.* at 8. Petitioner does not appear to have a criminal history. *See generally id.* Further, Petitioner has deep roots in the United States, including a 9-month-old U.S. citizen child. *Id.* at 5. Petitioner asserts, among other things, that § 1225(b), as applied to him, violates his right to due process. *Id.* at 8–10.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). As such, it appears from the writ that it

should be granted.[1] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[2] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

---

[1] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[2] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **no later than February 2, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner **SHALL FILE** a reply **no later than February 4, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's office **SHALL SUBMIT** an additional copy of this order and any additional filings by opposing parties in this case to "next friend" Christian Javier Ayavaca Sanchez via email at cristianascol@gmail.com or any other email address on file.[3] This additional method of notification shall not alter or replace the District Clerk's standard operating procedures to submit filings via certified mail or any other established notification method.

**SIGNED** this **28th** day of **January 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[3] The Court notes this shall not be construed as authorization for Petitioner or "next friend" Christian Javier Ayavaca Sanchez to submit documents to be filed to the Clerk's Office via email. Petitioner should employ expedited mail services or deliver filings in person to the District Clerk's office to timely comply with any deadlines set forth in this order or any subsequent orders of the Court.